# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: February 13, 2025

```
* * * * * * * * * * * * * * * *
ANTHONY MUSTO, as personal        *
representative of the estate of   *
ROBERT THANER,                    *    UNPUBLISHED
                                  *
            Petitioner,           *    No. 22-833V
                                  *
v.                                *    Special Master Dorsey
                                  *
SECRETARY OF HEALTH               *    Decision Based on Stipulation; Influenza
AND HUMAN SERVICES,               *    ("Flu") Vaccine; Chronic Inflammatory
                                  *    Demyelinating Polyneuropathy ("CIDP").
            Respondent.           *
                                  *
* * * * * * * * * * * * * * * *
```

<u>Danielle Anne Strait</u>, Mctlaw, Seattle, WA, for Petitioner.
<u>Katherine Carr Esposito</u>, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION BASED ON STIPULATION[1]

On August 1, 2022, Anthony Musto ("Petitioner"),[2] as personal representative of the estate of Robert Thaner ("decedent"), filed a petition in the National Vaccine Injury Program[3]

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] This case was originally filed by Nathaniel Shipp, and Anthony Musto substituted as Petitioner in December 2023.

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act").  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

alleging that the decedent suffered chronic inflammatory demyelinating polyneuropathy ("CIDP") that was caused or significantly aggravated by an influenza ("flu") vaccination administered on September 25, 2019.  Petition at 2-3 (ECF No. 1).

On February 13, 2025, the parties filed a stipulation recommending an award of compensation to Petitioner.  Stipulation (ECF No. 69).  Respondent denies that the flu vaccine caused decedent's alleged CIDP, or any other injury, or his death.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

(1) **A lump sum of $80,000.00 to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner, as legal representative of the estate of Robert Thaner;**

(2) **A lump sum of $35,000.00, which amount represents reimbursement of a lien for services rendered on behalf of decedent by the Connecticut Department of Administrative Services, in the form of a check payable jointly to Petitioner and**

   **State of Connecticut DAS – Collection Services**
   **P.O. Box 601**
   **Manchester, CT 06045**
   **Re: Thaner, #3737645**

   **Petitioner agrees to endorse the check to State of Connecticut DAS – Collection Services.**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).  Stipulation at ¶ 8.

The undersigned approves the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED.**

**s/Nora B. Dorsey**
Nora B. Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS**

ANTHONY MUSTO, as Personal
Representative of the Estate of
ROBERT THANER,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 22-833
Special Master Dorsey

## STIPULATION

The parties hereby stipulate to the following matters:

1.     Anthony Musto[1] ("petitioner"), as Personal Representative of the Estate of Robert

Thaner ("decedent"), filed a petition for vaccine compensation under the National Vaccine Injury

Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition

seeks compensation for injuries allegedly related to decedent's receipt of an influenza ("flu")

vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3

(a).

2.     Decedent received his flu vaccination on September 25, 2019.

3.     The vaccination was administered within the United States.

4.     Petitioner alleges that decedent developed injuries resulting from adverse effects

of a vaccination or vaccinations, including chronic inflammatory demyelinating polyneuropathy

---

[1] The petition was initially filed by Nathaniel Shipp, and Mr. Musto was substituted as petitioner
herein by Order dated December 15, 2023.

("CIDP"), which was caused in fact, or, alternatively, significantly aggravated by the flu vaccine, and that decedent experienced the residual effects of this injury for more than six months.

5.    Petitioner represents that there has been no prior award or settlement of a civil action for damages on decedent's behalf as a result of decedent's condition.

6.    Respondent denies that the flu vaccine caused decedent's alleged CIDP, or any other injury, or his death.

7.    Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.    As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a.    A lump sum of **$80,000.00**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, as legal representative of the Estate of Robert Thaner;
>
> b.    A lump sum of **$35,000.00**,[2] which amount represents reimbursement of a lien for services rendered on behalf of decedent by the Connecticut Department of Administrative Services, in the form of a check payable jointly to petitioner and

> State of Connecticut DAS – Collection Services
> P.O. Box 601
> Manchester, CT 06045
> Re: Thaner, #3737645

---

[2] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Connecticut may have against any individual as a result of any Medicaid payments the State of Connecticut has made to or on behalf of decedent as a result of his alleged injury relating to a flu vaccine administered on September 25, 2019, under Title XIX of the Social Security Act, *see* 42 U.S.C. § 300aa-15(g), (h).

2

                Petitioner agrees to endorse the check to State of Connecticut DAS –
                Collection Services.

       These amounts represent compensation for all damages that would be available under 42

U.S.C. §300aa-15(a).

       9.     As soon as practicable after the entry of judgment on entitlement in this case, and

after petitioner has filed both a proper and timely election to receive compensation pursuant to

42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings

before the special master to award reasonable attorneys' fees and costs incurred in proceeding

upon this petition.

       10.    Petitioner and his attorney represent that they have identified to respondent all

known sources of payment for items or services for which the Program is not primarily liable

under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies,

Federal or State health benefits programs (other than Title XIX of the Social Security Act

(42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

       11.    Payments made pursuant to paragraph 8 and any amounts awarded pursuant to

paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject

to the availability of sufficient statutory funds.

       12.    Petitioner represents that he presently is, or within 90 days of the date of

judgment will become, duly authorized to serve as the legal representative of decedent's estate

under the laws of the State of Connecticut. No payments pursuant to this Stipulation shall be

made until petitioner provides the Secretary with documentation establishing petitioner's

appointment as legal representative of decedent's estate. If petitioner is not authorized by a court

of competent jurisdiction to serve as legal representative of decedent's estate at the time a

payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or

3

parties appointed by a court of competent jurisdiction to serve as legal representative of decedent's estate upon submission of written documentation of such appointment to the Secretary.

13.     In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity and as personal representative of the Estate of Robert Thaner, on his own behalf and on behalf of Mr. Thaner's Estate and his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of decedent resulting from, or alleged to have resulted from, the flu vaccination administered on or about September 25, 2019, as alleged by petitioner in a petition for vaccine compensation filed on or about August 1, 2022, in the United States Court of Federal Claims as petition No. 22-833V.

14.     If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15.     This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended,

4

except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16.    This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused decedent's alleged CIDP, any other injury, or his death.

17.    All rights and obligations of petitioner hereunder in his capacity as legal representative of the Estate of Robert Thaner shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

5

Respectfully submitted,

**PETITIONER:**

_____

ANTHONY MUSTO

**ATTORNEY OF RECORD FOR
PETITIONER:**

_____

DANIELLE STRAIT
MCTLAW
1325 4th Ave. Suite 1730
Seattle, WA 98101
(888) 952-5242
Email: dstrait@mctlaw.com

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

_____

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

Jeffrey S.
Beach -S    Digitally signed by Jeffrey S. Beach -S
            Date: 2025.01.24 15:52:49 -05'00'    for

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
  Compensation Programs
Health Systems Bureau
Health Resources and Services
  Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857

Dated: 2|13|25
_____

**ATTORNEY OF RECORD FOR
RESPONDENT:**

_____

KATHERINE C. ESPOSITO
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 305-3774
Email: katherine.esposito@usdoj.gov

6